## MYERS VS. HILDEBRAND.

A fi. fa. levied upon defendants after acquired real estate, though not entered in the judgment index, is a lien as against another judgment creditor.

Error to Court of Common Pleas of Lancaster County. No 19 January Term, 1884.

John Hildebrand and Henry Myers each took a rule to show cause why the proceeds of the sale of the real estate of Abraham Myers should not be paid to them. The parties agreed upon a case stated for the opinion of the Court, who decided in favor of Hildebrand in the following opinion, per

PATTERSON, J.:

The parties having agreed upon and submitted a case stated, the determination of the rules above recited must be governed by the facts herein contained and the law applicable thereto. The defendant, Abraham Myers, is admitted to be one of eight children of David Myers, who died *intestate*, Nov. 19, 1882, owning real estate, to wit: A tract of land situate in Eden Township, Lancaster County, containing from 47 to 60 acres, more or less; the said Abraham Myers would become the owner of the undivided one-eighth of said tract of land. The plaintiff, John Hildebrand, had a judgment, obtained March 23, 1878, to March Term, 1878, No. 14, for $502.98, against the said Abraham Myers; but it was clearly no lien on his undivided one-eighth share passing to him after his father's intestacy. The plaintiff issued a *sci. fa.* on said judgment against Abraham Myers to revive it to December Term, 1882,

No. 12, and obtained judgment thereon, on Dec. 23, 1882, for $646.28.

Henry Myers et al. issued and obtained judgment against the said defendant, Abraham Myers, on Dec. 8, 1882, to Nov. Term, 1882, No. 109, for $200.00.

This latter judgment, it will be seen, was entered fifteen days before the last judgment of Hildebrand and was prior as a lien on defendant's said undivided one-eighth interest.

But the said plaintiff, Hildebrand, issued on his said judgment to March Term, 1878, No. 14, on November 21, 1882, a *fi. fa.* to January Term, 1883, No. 1, against Abraham Myers by virtue of which the Sheriff, on the said 21st day of Nov., 1882, levied upon his interest or one undivided eighth in the land of which his father, David Myers, had died seized; on which said Sheriff made return, as follows, to wit: "Defendant's real estate levied on, inquisition held January 12, 1883, and condemned—see schedule annexed."

A writ of *vend. exps.* then issued by the said Hildebrand, on March 3, 1883, to April Term, 1883, No. 53, by virtue of which the said real estate, the undivided one-eighth of the land of said Abraham Myers was sold by the Sheriff, who made return to said writ as follows, viz: "April 7th, 1883, defendant's real estate sold to John Hildebrand, and net proceeds amount to $68.14," and now in Court.

The *sci. fa.* issued by John Hildebrand on his judgment to March Term, 1878, No. 4, to December Term, 1882, No. 12, and the judgment subsequently entered thereon, and the judgment of Henry Myers et al., to November Term, 1882, No. 109, were all duly docketed in the judgment index.

Neither the *fi. fa.* issued by John Hildebrand to January Term, 1883, No. 1, nor the *vend. exps.* issued by him to April Term, 1883, No. 53, was docketed in the judgment index.

Under the foregoing facts, what is the solution of this question? Which of said contending parties is entitled to the money in Court?

It is maintained by counsel for Henry Myers et al. that they are entitled to the money in Court; that their judgment

obtained December 8, 1882, to November Term, 1882, No. 109, being a lien from date on the defendant Abraham Myers, real estate, and that the *fi. fa.* issued by Hildebrand against said defendant, Abraham Myers, on November 21, 1882, to January Term, 1883, No. 1, and by virtue of which a levy was made the same day on defendant's real estate, constituted no lien. That no lien commenced or continued on the said real estate, by reason of said levy, because of said execution not having been indexed in the judgment index for said county, as required by the third section of the Act of 22nd of April, 1856, P. L. 532.

The third section of said Act is as follows : "The lien of no judgment, recognizance, execution *levied on real estate* in the same or another County, or of writs of *scire facias*, to revive or have execution of judgments shall commence or be continued as against any *purchaser* or *mortgagee*, unless the same be indexed in the County where the real estate is situated in a book called the *judgment-index ;* and it shall be the duty of the Prothonotary or clerk forthwith to index the same, according to priority of date, and the plaintiff shall furnish the proper information to enable him to perform said duty."

That section seems to have been passed to protect especially *purchasers and mortgagees*, and it is maintained in argument that a *fi. fa.* levied upon real estate of a defendant is not a lien as against such, unless duly entered upon the judgment-index. That proposition was manifestly correct, and the said Act of Assembly, we think, must be so construed, when *purchasers* and *mortgagees* are contestants for the fund.

But the parties striving for the fund in the present case, are clearly neither purchasers or mortgagees, they both are judgment creditors and neither seem to be entitled to judgment index notice.

And as to the latter, the Courts seem to have held that the issuing of a *fi. fa.* by the plaintiff levying on the lands of the defendant and condemning the land by an inquest, were matters of such publicity as to constitute adequate notice of the creditor's intention.

We cite a few decisions of our Supreme Court, showing, we

think, that judgment creditors are not embraced in the provisions of the above quoted section of the Act of 1856.

The Supreme Court says in Shryock vs. Waggoner, 28 Pa., 430: "If mortgagees for a valuable consideration, and without notice of a *trust* are sometimes considered as *purchasers*, judgment creditors *never are.*"

In Reed's Appeal, 13 Pa., 476, the Supreme Court says: "A judgment creditor is not entitled to the protection of a purchaser, of the legal title, against an equitable owner o r his creditors or to any advantage which his debtor had not.".

In Cover vs. Black, 1 Pa., 493, the Court says: "A judgment creditor is not a purchaser of an interest in his debtor's land, therefore, &c."

In Hutchinson's Appeal, 92 Pa., 186, the Court again says: "There can be distinction between purchasers and subsequent judgment creditors."

The law manifestly is well settled that where the judgment, on which the *fi. fa.* issues, has never been a lien on the real estate of the debtor, as in after acquired realty, the *fi. fa.* followed by an actual levy becomes a lien; Boal s Appeal, 2 Rawle, 37; Packer's Appeal, 6 Pa., 277; Sinkett vs. Wunder, 1 Miles, 361; Young vs. Taylor, 2 Binney, 228; Wilson's Appeal, 90 Pa., 370.

In the early decisions it does not appear that the question of *actual* levy was raised, but the later cases hold that to constitute a lien by writ of *fi. fa.* an *actual* levy must be made.

Under the *fi. fa.* issued by Hildebrand, an *actual* levy was made and it was issued prior to the entering of judgment in the suit of Myers et al., and thus it is seen that the lien by execution is prior to the lien of that judgment and will be entitled to the fund in controversy.

It seems to have been held at an early day, as in the case of Young vs. Taylor, that levying upon the land of defendant and condemnation of same, were matters of notoriety, and in point of *notice* were tantamont to a *scire facias*, and, of course, notice to the defendant. That is the legal conclusion in the opinion of the Court to be drawn from the facts in the case, and that as between the contending parties in this case stated,

the entry of the *fi. fa.* and the levy made under it, upon the judgment index, was not necessary to create a lien upon defendant's subsequent acquired real estate.

While considering the case in hand, we felt it was a public misfortune, that the Act of April 20, 1853, Sec. 9, P. L., 611, applicable *only* to Philadelphia, and prescribing the procedure required there, of executions issued and levied on real estate, acquired subsequent to a judgment against the owner thereof, was not made a general statute. Its provisions, as a rule of practice, are so judicious, while it secures record notice to all encumbrancers of whatever nature, of the issuing of the execution by the creditor, and the claim made by virtue of it.

However, viewing the whole current of the decisions of the Supreme Court on the question presented, we are of the opinion that the lien by *execution* and levy cannot be postponed, but is entitled to the money in Court.

Therefore the rule at the instance of Henry Myers et al. is discharged, and the rule, at the instance of John Hildebrand, is made absolute.

———————

Myers then took a writ of error, complaining of the action of the Court in awarding the money to Hildebrand.

*B. F. Davis, Esq.*, for plaintiff in error, cited: Act April 22, 1856, P. L. 532, and Wilson's Appeal, 90 Pa., 375.

*D. G. Eshleman Esq.*, *contra*, cited the following authorities in addition to those cited in the opinion of the Court, viz: Riland vs. Eckert, 23 Pa., 219; Morris vs. Ziegler, 71 Pa., 450; Dimm & King's Appeal, 90 Pa., 369; Wood vs. Reynolds, 7 W. & S., 406.

The Supreme Court affirmed the judgment of the Common Pleas on June 2, 1884, in the following opinion,

PER CURIAM:

The Act of April 22, 1856, P. Laws, 532, does not impair or defeat a lien acquired by a levy on real estate, except as against a purchaser or mortgagee. The plaintiff is neither. He is a judgment creditor only. A judgment creditor is not

a purchaser nor a mortgagee. This is conclusive against the claim of the plaintiff in error.

Judgment affirmed.